53 F.3d 340
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Felipe TORRE-MURGUIA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70378.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 26, 1995.
 
 1
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Felipe Torre-Murguia, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary dismissal of his appeal from the immigration judge's ("IJ") decision finding Torre-Murguia deportable and denying his application for adjustment of status. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a). We grant the petition for review.
 
 
 4
 The BIA summarily dismissed the appeal because Torre-Murguia's notice of appeal (form EOIR-26) failed to list the issues he intended to present to the BIA with sufficient specificity, see 8 C.F.R. Sec. 3.1(d)(1-a)(i)(A),[1] and because he neither filed a brief on appeal nor an explanation for his failure to do so.
 
 
 5
 In Padilla-Agustin v. INS, this court held that the combination of an inadequate notice of appeal form, combined with "the BIA's strict Notice of Appeal requirements, and the failure to give any advance warning before an appeal is dismissed [violates] the due process rights of an alien." 21 F.3d 970, 977 (9th Cir.1994). Accordingly, because our opinion in Padilla-Agustin v. INS calls into question the adequacy of the BIA's summary dismissal procedures, we grant the petition for review. We remand so that the BIA may consider in the first instance whether its summary dismissal of Torre-Murguia's appeal was proper in light of Padilla-Agustin v. INS.
 
 
 6
 PETITION FOR REVIEW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. The government's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Under 8 C.F.R. Sec. 3.1(d)(1-a)(i)(A), the BIA may summarily dismiss any appeal in which "[t]he party concerned fails to specify the reasons for the appeal on [the Notice of Appeal Form] or other document filed therewith."